Filed 6/23/15  P. v. Young CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060765 |
| v. | (Super.Ct.No. FELSS1302614) |
| KENYATTA YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama, Judge.  Dismissed.

Brent Riggs, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Seth Friedman and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kenyatta Young was found to be a mentally disordered offender (MDO)[1] by the Board of Parole Hearings (BPH) under the criteria of Penal Code section 2962 on May 24, 2013. Defendant filed a petition in the San Bernardino County Superior Court pursuant to Penal Code section 2966, subdivision (b), contesting that determination. After a jury trial, her qualification as an MDO was upheld.

Defendant contends on appeal that such finding should be reversed on the following grounds: (1) Admission of exhibits that consisted of records from the time defendant spent in the Metropolitan State Hospital (MSH) in order to restore her competency to stand trial on the underlying crime, were improperly admitted in the MDO proceeding because they contained privileged psychotherapist-patient communication— the admission of such records requires reversal of the MDO finding by the jury; and (2) the trial court prejudicially erred by admitting several exhibits containing damaging evidence under the business records exception to the hearsay rule.

While this appeal was pending, defendant was released from her involuntary commitment. Since defendant is no longer subject to confinement as an MDO, her appeal is moot and will be dismissed.[2]

---

[1] "'The Mentally Disordered Offender Act (MDO Act), enacted in 1985, requires that offenders who have been convicted of violent crimes related to their mental disorders, and who continue to pose a danger to society, receive mental health treatment . . . until their mental disorder can be kept in remission.'" (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1061, disapproved on another ground in *People v. Harrison* (2013) 57 Cal.4th 1211, 1230.)

[2] Appellant's request to file supplemental brief is likewise dismissed as moot.

## FACTUAL AND PROCEDURAL HISTORY

Only a brief summary of the facts and procedural background is necessary. Defendant filed a petition pursuant to Penal Code section 2966, subdivision (b) contesting the BPH's determination that she was an MDO. A jury trial was conducted at which evidence was presented from a psychiatrist and several psychologists, and state hospital records were admitted, showing that she qualified as an MDO. The jury found that defendant met the criteria of being an MDO pursuant to Penal Code sections 2962 and 2966, subdivision (b), as of May 24, 2013. Defendant was ordered to remain committed to the Department of State Hospitals as an MDO.

## DISCUSSION

Defendant was found to be an MDO as of May 24, 2013. Such commitment was only for one year. (See *People v. J.S.* (2014) 229 Cal.App.4th 163, 170 [Fourth Dist., Div. Two] (*J.S.*).) In case No. E061654, an appeal pending in this court and of which we take judicial notice, defendant's commitment as an MDO was extended for an additional year on April 30, 2014. As such, it expired on April 30, 2015. On June 12, 2015, this court was informed by appellate counsel that defendant had been released from her involuntary commitment.[3] A timely petition contesting an MDO commitment is not rendered moot "until the offender's involuntary treatment is discontinued." (*J.S,* at p. 174.) Since defendant has been released from involuntary treatment, her claims are now moot. The appeal is dismissed.

---

[3] Defendant's counsel also informed this court that defendant no longer wished to pursue the appeal.

## DISPOSITION

We dismiss the appeal as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

KING _____

J.